IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. |
| | ) |
| Plaintiff, | ) JUDGE |
| | ) |
| v. | ) |
| | ) |
| $215,477.00 U.S. CURRENCY SEIZED ON JUNE 27, 2019, BY THE DRUG ENFORCEMENT ADMINISTRATION, PURSUANT TO A FEDERAL SEARCH WARRANT, | ) ) ) ) ) |
| | ) |
| $15,465.00 U.S. CURRENCY SEIZED ON JUNE 27, 2019, BY THE DRUG ENFORCEMENT ADMINISTRATION, PURSUANT TO A FEDERAL SEARCH WARRANT, | ) ) ) ) ) |
| | ) |
| ASSORTED JEWELRY WITH AN APPROXIMATE VALUE OF $297,750.00, SEIZED ON JUNE 27, 2019, BY THE DRUG ENFORCEMENT ADMINISTRATION, PURSUANT TO A FEDERAL SEARCH WARRANT, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) **COMPLAINT IN FORFEITURE** |

NOW COMES plaintiff, the United States of America, by Justin E. Herdman, United States Attorney for the Northern District of Ohio, and Henry F. DeBaggis, Assistant U.S. Attorney, and files this Complaint in Forfeiture, respectfully alleging in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, as follows:

## JURISDICTION AND INTRODUCTION

1. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C. Section 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. Section 881(a)(6).

2. This Court has *in rem* jurisdiction over the defendants currency and jewelry: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) pursuant to 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395, because the action accrued in this district. This Court will have control over the defendants currency and jewelry through service of arrest warrants *in rem*, which the U.S. Marshals Service will execute upon the defendants currency and jewelry. *See*, Supplemental Rules G(3)(b) and G(3)(c).

3. Venue is proper in this district: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) pursuant to 28 U.S.C. Section 1395 because the action accrued in this district.

4. On June 27, 2019, the defendants $215,477.00 and $15,465.00 in U.S. Currency and assorted jewelry with an approximate value of $297,750.00 were seized during the execution of a federal search warrant by agents and officers with the Drug Enforcement Administration at a residence located at XXXX Sugar Creek Drive, Youngstown, Ohio 44512.

5. Subsequent to the seizure, the U.S. Drug Enforcement Administration ("DEA") commenced an administrative forfeiture proceeding against the defendants currency and jewelry. Claims to the defendants currency and jewelry were submitted by Rahsie Lamar Garner, aka

Rashie Garner ("Garner"), in the administrative forfeiture proceeding, thereby requiring the filing of this judicial forfeiture action.

6. The defendants $215,477.00.00 and $15,465.00 in U.S. Currency and the assorted jewelry with an approximate value of $297,750.00 are subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) in that they constitute proceeds from illegal drug trafficking activities, and/or were used - or were intended to be used - in exchange for illegal controlled substances, and/or were used - or were intended to be used - to facilitate illegal drug trafficking activities.

## FORFEITURE

7. In April 2018, a Drug Enforcement Administration ("DEA") investigation determined that Garner was involved in the distribution of multiple pound quantities of marijuana in the Youngstown, Ohio area and that he was laundering the drug proceeds from the marijuana sales through shell businesses identified as CQRS Quality Cars and Reliable Housing, LTD.

8. In May 2018, DEA agents and officers conducting surveillance at XXXX Everett Avenue, Youngstown, Ohio, observed Garner at the residence on multiple occasions. The Everett Avenue residence was owned by Reliable Housing, LTD, a company operated by Garner.

9. Since July 26, 2018, DEA agents and officers routinely witnessed a pattern of activity associated with narcotics trafficking at the residence at XXXX Everett Avenue, Youngstown, Ohio.

10. In August 2018, DEA agents and officers identified another residence associated with Garner at XXXX Sugar Creek Drive, Youngstown, Ohio and observed Garner traveling

from this residence to the residence at XXXX Everett Avenue, Youngstown, Ohio on multiple occasions. The Sugar Creek residence was owned by Garner's uncle, W.M.

11. Between August 2018 and June 2019, a gray 2009 Honda Odyssey Minivan, registered to CQRS Quality Cars, was observed parked in the garage at XXXX Sugar Creek Drive, Youngstown, Ohio and Garner was observed during DEA surveillance making multiple trips between the Everett Avenue and the Sugar Creek residences.

12. On April 29, 2019, a zoning inspector with the Boardman Township Zoning Department conducted a zoning investigation at the Sugar Creek residence relative to ongoing construction at the residence and met with a male who identified himself as "Shawn McDowell."

13. While inspecting the residence, the zoning inspector smelled a strong odor of marijuana coming from the Sugar Creek residence.

14. The zoning inspector later identified a photograph of Rashie Garner as the male who identified himself as "Shawn McDowell" to the zoning inspector at the Sugar Creek residence.

15. As a result of evidence developed in the DEA investigation, it is believed that Garner traveled from the Northern District of Ohio to Northern California between May 23, 2019, and May 28, 2019.

16. On June 27, 2019, DEA agents and officers executed federal search warrants at XXXX Sugar Creek Drive, Youngstown, Ohio and at XXXX Everett Avenue, Youngstown, Ohio relative to marijuana trafficking activity associated with Garner.

17. Garner was present during the search at XXXX Sugar Creek Drive, Youngstown, Ohio, where agents and officers seized large sums of U.S. Currency, high-end jewelry, marijuana processing equipment and narcotics related items, specifically:

4

      a.      $215,477.00 in U.S. Currency, bundled and wrapped with rubber bands, located inside a camouflage bag in the trunk of a gray 2009 Honda Odyssey minivan, registered to CQRS Quality Cars, which was parked inside the garage;

      b.      $15,465.00 in U.S. Currency located in a blue True Religion backpack in a storage area under the basement steps;

      c.      $51,111.00 in U.S. Currency located in plastic shopping bags in a storage area under the basement steps;

      d.      $41,945.00 in U.S. Currency located in a black backpack in a storage area under the basement steps;

      e.      $990.00 in U.S. Currency located in a blue plastic shopping bag in a storage area under the basement steps;

      f.      $13,600.00 in U.S. Currency located in a black Easton backpack in a storage area under the basement steps;

      g.      $452.00 in U.S. Currency located in the pants' pocket of pants worn by Rashie Garner at the time the search warrant was executed;

      h.      A Royal Sovereign money counter;

      i.      A Foodsaver bag heat sealer located in a storage area under the basement steps;

      j.      A plastic bag containing rubber bands located in the second floor laundry room;

      k.      A black suitcase containing marijuana packaging and processing equipment located in a storage area under the basement steps; and

l. A gold and diamond Rolex watch, a large gold and diamond roped chain and miscellaneous gold and diamond jewelry located on top of a master bedroom nightstand.

18. During the search at XXXX Sugar Creek Drive, Youngstown, Ohio, Rashie Garner told law enforcement agents that he was not the resident of the Sugar Creek residence, that none of the seized property belonged to him and that the seized property belonged to his uncle, W.M.

19. On June 27, 2019, while the search was concluding at XXXX Sugar Creek Drive, Youngstown, Ohio, law enforcement agents made contact with Garner's uncle, W.M. at his residence in the Columbus, Ohio area and advised him of the seizures at the Sugar Creek residence.

20. W.M. told agents that his nephew lived at the Sugar Creek residence and that the only property that belonged to W.M. was some furniture.

21. During the search at XXXX Everett Avenue, Youngstown, Ohio, DEA agents and officers seized large sums of U.S. Currency, bags of marijuana, a firearm and narcotics related items, more specifically:

a. $2,417.00 in U.S. Currency located in the pocket of a hooded sweatshirt in the closet in the master bedroom;

b. $14,071.00 in U.S. Currency located in the upstairs hallway closet;

c. $610.00 in U.S. Currency located in the pocket of a blue jacket in the closet of a spare bedroom;

d. $3,560.00 in U.S. Currency located inside a boot in the basement;

e. A fully loaded Bushmaster .223 firearm, serial number D12981, located in a red gym bag in the garage;

  f. A magazine loaded with twenty-seven (27) .223 rounds, located in a red gym bag in the garage;

  g. A black duffle bag containing three (3) additional black duffle bags, a roll of plastic wrap and packaging material located in a hidden compartment under the stairs in the basement;

  h. Heat seal bags, foil wraps and (1) small padlock located in a secondary bedroom closet;

  i. An electronic scale and (2) boxes of oven bags located on a table in the basement;

  j. Plastic bags which each contained marijuana in the following approximate amounts:

   i. 3.08 gross kilograms;

   ii. 52.7 gross grams;

   iii. 69.2 gross grams;

   iv. 8.71 gross kilograms; and

   v. 4.9 gross kilograms.

   Total: 16,811.9 grams of marijuana.

## CONCLUSION

22. By reason of the foregoing, the defendants $215,477.00 and $15,465.00 in U.S. currency and assorted jewelry with an approximate value of $297,750.00 are subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) in that they constitute proceeds from illegal drug trafficking activities, and/or were used - or were intended to be used - in exchange for illegal controlled substances, and/or were used - or were intended to be used - to facilitate illegal drug trafficking activities.

WHEREFORE, plaintiff, the United States of America, requests that this Court enter judgment condemning the defendants $215,477.00 and $15,465.00 in U.S. Currency and assorted jewelry with an approximate value of $297,750.00 and forfeiting them to the United States, and providing that the defendants currency and jewelry be delivered into the custody of the United States for disposition according to law, and for such other relief deemed proper.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ Henry F. DeBaggis

Henry F. DeBaggis (OH: 0007561)
Assistant United States Attorney
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
216.622.3749
Fax: 216.522.7499
Henry.DeBaggis@usdoj.gov

# VERIFICATION

STATE OF OHIO         )
                      ) SS.
COUNTY OF CUYAHOGA )

I, Henry F. DeBaggis, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

_____
Henry F. DeBaggis (OH: 0007561)
Assistant United States Attorney

Sworn to and subscribed in my presence this __18__ day of October, 2019.



DIANE SCHNEIDER
NOTARY PUBLIC
STATE OF OHIO
COMM. EXPIRES
3-9-2022
RECORDED IN
CUYAHOGA COUNTY

_____
Notary Public